UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HAMMEL J. CLARK-EL,

   Plaintiff,

v.

CAPTAIN VENABLE, *et al.*,

   Defendants.

Civil Action No. PX-24-1884

**MEMORANDUM ORDER**

     Inmate Hammel J. Clark-El filed this civil rights action pursuant to 42 U.S.C. § 1983, against Defendants the Department of Corrections, Deputy Secretary Annie Harvey,[1] Warden Robert Dean, Security Chief Shenea Ross, Major M. Venable, Lt. T. Jenkins, and Sgt. W. Mooney (collectively "Defendants"), challenging the provision of inadequate housing. ECF No. 1. Defendants move to dismiss the Complaint or alternatively for summary judgment to be granted in their favor. ECF No. 20. The matter is fully briefed and ready for resolution without a hearing. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons discussed below, the Court dismisses the Complaint without prejudice for failure to exhaust administrative remedies and denies all other pending motions as moot.

     According to the Complaint, Clark-El is wheelchair bound. For most of his years at Jessup Correctional Institution ("JCI"), Clark-El had a cell that accommodated his physical disabilities. ECF No. 1. However, on November 14, 2023, the prison moved Clark-El to a different, non-accessible cell, over his protests. ECF No. 1 at 5-6. The new cell also exposed Clark-El to the

---

[1] The Clerk shall amend the docket to reflect the correct name and title of Defendant Harvey.

cold air in the winter through a broken window.  ECF No. 1 at 7.  When Clark-El complained about the window, officers gave him tape and plastic bags that he could use to patch the opening. *Id*.  Additionally, the cell had physical obstructions that impeded Clark-El from moving his wheelchair freely in the space.  The cell was also dirty, with feces stuck in the screens and radiator. ECF No. 4 at 2 -3.  Defendants knew the cell was in deplorable condition and otherwise not able to accommodate Clark-El's wheelchair, and yet they placed him there anyway.  ECF No. 1 at 9.

Clark-El filed this lawsuit on September 9, 2024, challenging the constitutionality of this placement.  ECF No. 1.  At the time of filing, however, Clark-El was still pursuing administrative relief; specifically, his administrative claim was pending a hearing before Office of Administrative Hearings ("OAH").  ECF No. 20-3 ¶¶ 6-7.  Thus, say Defendants, the Complaint must be dismissed for lack of administrative exhaustion.  ECF No. 20-1 at 9.  *See Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (collecting cases); *Germain v. Shearin*, 653 F. App'x 231, 234–35 (4th Cir. 2016) (mandatory dismissal without prejudice for failure to exhaust).

The Prison Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e.  Although exhaustion under § 1997e is not a jurisdictional prerequisite, a plaintiff must nonetheless exhaust such remedies before the court will hear the claim.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.,* 407 F.2d 674, 682 (4th Cir. 2005).  Because the Court may not consider an unexhausted claim, exhaustion prior to federal suit is mandatory.  *Ross v. Blake*, 578 U.S. 632, 639 (2016).  A court ordinarily may not excuse a failure to exhaust.  *Id.* (citing *Miller v. French*, 530

U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines," *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). At the same time, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") provides state inmates an "inmate complaint resolution" process. *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). The process requires that the inmate first file what is known as an "ARP" with the facility's "managing official" within 30 days from the date of occurrence or discovery of the claimed violation, whichever is later. *See* COMAR 12.02.28.05(D)(1) & 12.02.28.09(B).

If the ARP is denied, the inmate must appeal the denial to the Commissioner of Correction. COMAR 12.02.28.05(D)(1) & 12.02.28.14(B)(5). If the Commissioner denies the inmate relief, the inmate next must file a grievance with the Incarcerated Individual Grievance Office ("IIGO"). C.S. §§ 10-206(a) & 10-210; COMAR 12.02.28.18. If the grievance is determined to be "wholly lacking in merit on its face," the IIGO may dismiss it without a hearing. C.S. § 10-207(a) & (b)(1);

3

*see also* COMAR 12.07.01.06(B).  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Alternatively, an administrative law judge ("ALJ") with OAH may conduct a prompt hearing on the grievance.  *See* C.S. § 10-208; COMAR 12.07.01.07-.08; Md. Code Ann. State Gov't § 10-206(a)(1).  An ALJ decision denying all relief is considered a final agency determination.  *See* C.S. § 10-209(b)(1)(ii); COMAR 12.07.01.10(A)(2).  However, if the ALJ concludes that the inmate's complaint is meritorious, the ALJ's decision constitutes a recommendation to the Secretary of DPSCS, and the Secretary must render a final agency determination within 15 days following receipt of the ALJ's proposed decision.  C.S. § 10-209(b)(2)(c); COMAR 12.07.01.10(B).  The final agency determination is subject to judicial review in Maryland state court so long as the claimant has exhausted remedies.  C.S. § 10-210. An inmate need not, however, seek such judicial review to satisfy the PLRA's administrative exhaustion requirement.  *See, e.g.*, *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court").

Pertinent here, an inmate must have fully exhausted remedies prior to filing suit; he cannot conclude the administrative process while the civil suit is pending.  *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds).  As the Court in *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) explained, "[t]he plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See also Blackburn v. S. Carolina*, No. CA 006-2011-PMD-BM, 2009 WL 632542, at *1 (D.S.C. Mar. 10, 2009) *aff'd*, 404 F. App'x 810 (4th Cir. 2010); *Kaufman v. Baynard*, CIV.A. 1:10-0071, 2012 WL 844480

4

(S.D.W. Va. Feb. 3, 2012) *report and recommendation adopted*, Civ. No. 1:10-0071, 2012 WL 844408 (S.D.W. Va. Mar. 12, 2012).  This court has consistently recognized this principle.  *See Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624-25 (D. Md. 2015); *Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547 at *3-4 (D. Md. Nov. 11, 2015); *Wilson v. MCTC Administration*, PWG-21-3094, 2022 WL 14849012 at *6 (D. Md. Oct. 26, 2022); *Leupolu v. Okoluku*, SAG-21-1854, 2022 WL 4017308 at *4 (D. Md. Sept. 1, 2022); *Hand v. Allen*, JKB-20-3119, 2022 WL 137978 at *4 (D. Md. Jan. 14, 2022); *Wooten v. Hogan, et al.*, CCB-20-1218, 2021 WL 416947 at *3 (D. Md. Sept. 14, 2021); *Ervin v. Corizon Health, et al.*, ELH-19-1666, 2020 WL 2490042 at *28 (D. Md. May 13, 2020); *Conway v. Carr*, RDB-19-809, 2019 WL 4806141 at *5 (D. Md. Oct. 1, 2019); *Shiheed v. Webb, et al.*, GLR-16-3166, 2019 WL 3220122 at *5 (D. Md. Jul. 16, 2019).  Accordingly, even though the administrative process may have concluded since the filing of a federal suit, dismissal without prejudice is nonetheless compelled.

Clark-El responds that because IIGO took longer than the statutory 60-day review period, this Court should excuse Clark-El's failure to exhaust.  This argument is unavailing because the statute expressly states that where IIGO takes no action within 60 days, the grievance automatically receives a hearing before an ALJ.  Put plainly, the timing of the IIGO review accorded Clark-El more process, not less, and so cannot be grounds to excuse administrative exhaustion.   But Clark-El is free to refile this civil suit provided he has fully exhausted his administrative proceedings.

Accordingly, it is on this 26th day of January 2026, that the United States District Court for the District hereby ORDERS:

1. The Clerk SHALL AMEND the docket to reflect the names of Defendants as: the Department of Corrections, Deputy Secretary Annie Harvey, Warden Robert Dean, Security Chief Shenea Ross, Major M. Venable, Lt. T. Jenkins, and Sgt. W. Mooney;

2. Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, (ECF No. 20) IS GRANTED and the Complaint IS DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies;

3. All remaining motions at ECF Nos. 23, 25, 26, 28, 32, 34, 35, 36, 38, and 40 are DENIED as MOOT; the Clerk SHALL TRANSMIT a copy of this Memorandum Order to Clark-El and counsel of record, and

4. CLOSE this case.

\_1/26/26\_\_\_\_\_  
Date

_____/S/_____  
Paula Xinis  
United States District Judge